IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 12-431 |
| v. | : | |
| | : | CIVIL ACTION |
| CHRISTOPHER CEDRES | : | NO. 16-2420 |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                             **February 21, 2024**

On May 17, 2016, Defendant Christopher Cedres filed a Motion to Vacate, Set Aside and Correct Sentence Under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 576 U.S. 591 (2016). Cedres contends *Johnson* invalidated his § 924(c) conviction because his predicate offense, Hobbs Act robbery, did not qualify as a crime of violence. Cedres therefore asserts he must be resentenced without § 924(c)'s mandatory minimum and sentencing enhancements. Because the Third Circuit held in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023) that completed Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), Cedres' motion will be denied.

**FACTUAL BACKGROUND**

On August 16, 2012, Cedres was charged by Indictment with two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and one count each of Hobbs Act robbery, use of a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 1951(a), 924(c), and 922(g), respectively. These charges arose out of two separate robberies of the Republic Bank at 7300 Frankford Avenue, in Philadelphia, on June 21, 2011 and December 7, 2011, for $559 and $560. Additionally, on January 12, 2012 Cedres stole a pack of cigarettes in an armed robbery of the WaWa food market at 6935 Castor Avenue

1

in Philadelphia.  Indictment, 1-3, ECF No. 1.  Cedres pled guilty to all five counts on May 28, 2013.  He was sentenced on September 6, 2013 to a term 63 months' imprisonment on Counts 1-2, 3 and 5, all to run concurrently, and a term of 60 months on Count 4, to run consecutively to the sentence imposed on the other four counts, followed by five years of supervised release.  J. 1-2, ECF No. 27.

Cedres did not appeal his sentence.  Following the *Johnson* decision in 2016, which invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) as unconstitutionally vague, Cedres filed this motion to vacate.  He argues the similarly-worded residual clause of § 924(c)(3)(B) is also unconstitutionally vague, and therefore his conviction and sentence under § 924(c) violated his right to due process of law.  Mot. Correct Sent. 2, ECF No. 29.  While the Supreme Court had likewise invalidated the residual clause of § 924(c)(3)(B) as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019), the issue of whether Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A)'s "elements" clause remained unresolved.  Because that issue was the subject of pending appellate proceedings, this Court issued an Order on June 28, 2021 staying this case.  Order, June 28, 2021, ECF No. 32. The constitutional issue has now been fully adjudicated and this matter is ripe for disposition. Accordingly, the stay shall be lifted.

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, "or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). Relief may be granted only if an error of law or fact occurred, and such error constitutes a

"fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020). (citation omitted) (emphasis in original). In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *see U.S. v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). An evidentiary hearing is not necessary in this case because it is clear from the existing record that Cedres is not entitled to any relief.

**DISCUSSION**

"Violators of § 924(c) face a mandatory minimum sentence of five years in prison, over and above any sentence they receive" for committing a "crime of violence" or "drug trafficking crime." *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Following the rationale it used in *Johnson* to invalidate the residual clause in the ACCA, and in *Sessions v. Dimaya*, 584 U.S. 148 (2018) to invalidate the residual clause of 18 U.S.C. § 16,[1] the Supreme Court in *United States v. Davis* likewise found § 924(c)(3)(B) unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Hence, as of 2019, it was as-yet unclear whether Cedres' conviction for Hobbs Act robbery constituted a "crime of violence" under § 924(c)(3)(A). In 2021, the Third Circuit held attempted Hobbs Act robbery was categorically a crime of violence under § 924(c). *United States v. Walker*, 990 F.3d 316, 324 (3d Cir. 2021). This pronouncement was short-lived however, because the Supreme Court overturned this decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022): "[w]hatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy [§ 924(c)(3)(A)'s] elements clause." *Id*. at 2020. The question was not settled until 2023. In *United States v. Stoney*, 62 F.4th 108, 113 (3d Cir. 2023), the Third Circuit determined that *Taylor* did not disturb its prior holding (in *Walker)*, shared by all the other Circuits, that completed Hobbs Act robbery is a valid predicate crime of violence under § 924(c)(3)(A).

Cedres does not claim he pled guilty to attempted Hobbs Act robbery only. Rather, he asserts his "predicate crime fell under § 924(c)(3)'s residual clause, which is now void for

---

[1]  18 U.S.C. § 16 defines "Crime of Violence" and reads:

The term "crime of violence" means –

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

vagueness." Mot. Correct Sent., 5, ECF No. 29.  The Indictment alleged Cedres, on January 12, 2012:

> obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, by robbery and attempted robbery, in that he, unlawfully took and obtained one pack of Newport cigarettes from the person and in the presence of an employee of the WAWA food market, against his will, by means of actual and threatened force, violence and fear of injury, immediate and future, to his person, by pointing a firearm at the WAWA employee.

Indictment, 3, ECF No. 1.  It is thus clear from the face of the Indictment that Cedres was charged with both attempted *and* completed Hobbs Act robbery.  *Id.*  Cedres' § 924(c) conviction remains valid and his § 2255 motion must be denied.  Further, as all Circuits are in agreement on this issue, *see Stoney*, 62 F.4th at 113-14, Cedres cannot show reasonable jurists would find the Court's determination of his constitutional claims to be debatable or wrong.  Accordingly, there are no grounds to issue a Certificate of Appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,          C.J.